**Ottomese COLEMAN, et al.**

v.

**SOUTHERN NORFOLK, et al.**

**Civ. A. No. 89–4079.**

United States District Court,
E.D. Louisiana.

Jan. 29, 1990.

James Timothy Hill, New Orleans, La., for plaintiffs.

Benjamin R. Slater, Jr., Benjamin R. Slater, III, Mark Van Horn, Monroe & Lemann, New Orleans, La., for defendants.

ROBERT F. COLLINS, District Judge.

Plaintiffs, Ottomese Coleman, et al., move the Court to remand the above-captioned case to the Civil District Court for the Parish of Orleans, pursuant to 28 U.S.C. § 1447(b). The motion is GRANTED.

*Background*

This is a class action for damages purportedly sustained by plaintiffs on August 12, 1988, when a tank car containing anhydrous ammonia allegedly leaked its contents into the atmosphere while resting on interchange tracks at or near St. Ferdinand and North Tonti Streets in New Orleans, Louisiana. The plaintiffs are residents of the surrounding neighborhood and allege that each sustained damages when the local authorities forced them to evacuate their homes. Plaintiffs further allege that each suffered "extensive personal injuries" resulting from exposure to anhydrous am-

monia fumes, together with unspecified damage to property.

The instant suit was initially filed on August 11, 1989 in the Civil District Court for the Parish of Orleans. Defendant, Norfolk Southern Corporation, received actual notice of the matter on August 14, 1989, when its agent discovered the suit while checking the civil docket in the clerk's office of the Civil District Court. On September 13, 1989, Norfolk Southern filed a Petition for Removal to this Court. The Petition for Removal alleged the prerequisites for the invocation of this Court's subject matter jurisdiction, including complete diversity and jurisdictional amount. Thereafter, the plaintiffs filed a Motion to Remand claiming that the amount in controversy, as per 28 U.S.C. § 1332(a)(1), cannot be met by all members of the class.

*Discussion*

The above-captioned matter has not been certified as a class action pursuant to Rule 23, Fed.R.Civ.P.; however, it will be treated as such for purposes of this motion. *City of Inglewood v. City of Los Angeles*, 451 F.2d 948, 951–52 (9th Cir.1972).

In their Petition in Class Action for Damages, the plaintiffs aver that "[t]here is a commonality of interests among all persons and entities damaged as a result of the explosion, with respect to issues affecting their recovery of damages." They also contend that "[d]ue to the large number of petential [sic] claimants and the economic burden of establishing liability, the practical and expedient procedure for establishing and prosecuting their claims is by way of the Louisiana class action procedure provided in Article 591, Et. Seq., of the Louisiana Code of Civil Procedure." Based upon said averments of the plaintiffs, this action falls within Rule 23(b)(3), Fed.R.Civ.P., which holds that an action may be maintained as a class action if:

the court finds that the questions of law or fact common to the members of the class predominate over any questions af-fecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Two Supreme Court decisions control the Court's inquiry in this matter. In *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the Supreme Court held that the separate and distinct claims of the litigants in a class action cannot be aggregated in order to satisfy the amount in controversy requirement for diversity jurisdiction. 394 U.S. at 336, 89 S.Ct. at 1056–57. In *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the Court affirmed *Snyder*, holding that "[e]ach plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount." 414 U.S. at 301, 94 S.Ct. at 512.

In a diversity action, Federal Court Jurisdiction is acquired when the amount in controversy exceeds $50,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, in accordance with the *Zahn* and *Snyder* decisions, this Court possesses jurisdiction over the instant suit if each class member has a claim for damages that exceeds the $50,000.00 jurisdictional requirement.

■ It is the general rule in diversity cases that the amount in controversy is determined by the sums posited by the plaintiff, provided they are made in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). In this case, the damage claims of the individual class member were not incorporated into their Complaint. Such averments are prohibited under revised article 893(A)(1) of the Louisiana Code of Civil Procedure.[1]

■ When federal courts have been presented complaints lacking averments of a specific amount in controversy, they have had to look beyond the complaints to ascertain if federal jurisdiction exists. "In such cases the federal courts have either: (1)

---

1. La.Code Civ.Proc.Ann. art. 893(A)(1) provides in pertinent part:

No specific amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises. La.Code Civ.Proc.Ann. art. 893(A)(1).

looked to the petition for removal, (2) made an independent appraisal of the monetary value of the claim or suggested the defendant was free to do so, or (3) remanded the action." *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582, 585 (1981); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3725 at 423 (1985). This Court adopts the third alternative.

Since the plaintiff, by means of its petition to remand, has challenged Norfolk Southern's averment that the amount in controversy prerequisite has been satisfied, the defendant has the burden of establishing that jurisdiction rests with this Court. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). In *McNutt*, the Supreme Court required that when the "allegations of jurisdictional facts" of the party seeking removal "are challenged by his adversary in any appropriate manner, he must support them by competent proof." *Id.*

The defendant has stated that in the absence of plaintiffs' damage demands prior to removal, its "only guidance" for determining that there was an ample amount in controversy was "the demand asserted in pleadings filed by plaintiffs' counsel in similar matters prior to the effective date of article 893(a)(1), together with such other petitions as were filed arising out of or similar to the incident made subject of this litigation." (Defendants' Memorandum in Opposition to Remand, pp. 4–5). In all of these pleadings, the amount of damages sought by the respective plaintiffs exceeded the amount in controversy prerequisite for diversity jurisdiction.

The Court cannot accept the defendant's reliance upon the damages sought by plain-

tiffs in prior, similar cases as the basis for the Court's jurisdiction in the current lawsuit. Damage claims raised in other cases do not amount to the type of "affirmative showing" of the Court's jurisdiction that is required of parties seeking removal. *See Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir. 1961).

Furthermore, this Court cannot discern an adequate reason for relying upon complaints filed in different lawsuits from the matter at hand when article 893(A)(1) provides an avenue for the defendant to ascertain the actual amount of damages being sought in this case by each of the class members.[2] In view of this provision, and the insufficiency of defendant's proof that the amount in controversy requirement has been met in this case, defendant's attempt at removal appears premature.[3] "No purpose is served by requiring the defendant, or the court, to speculate as to the amount in controversy when that amount can be ascertained from the plaintiff within a reasonable time through normal discovery procedures." *Rollwitz*, 507 F.Supp. at 588.

In conclusion, since the defendant has failed to meet its burden of proof that the amount in controversy prerequisites for federal jurisdiction is satisfied by any and all members of the plaintiff class, plaintiffs' motion is GRANTED, and the action is hereby REMANDED to the Civil District Court for the Parish of Orleans.

---

**2.** ... By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.
La.Code Civ.Proc.Ann. art. 893(A)(1).

**3.** Any question as to the timeliness of a removal petition filed subsequent to the discovery procedure provided for in article 893(A)(1) is sufficiently addressed by 28 U.S.C. § 1446(b). It provides in pertinent part:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, ...