**David B. GOBER, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 1:94–CV–197RR.**

United States District Court, S.D. Mississippi, Southern Division.

June 27, 1994.

the sum of [$50,000] exclusive of interest and costs, based on Plaintiff's demands for punitive damages and based on the fact that [it] could thereby be potentially liable in excess of $50,000.00, exclusive of interest and costs." *See* Defendant's Notice of Removal at 2. Gober countered with a Motion to Remand, through which he contends that removal was improper because the amount in controversy does not exceed $50,000.

■ In sum, the first prong of 28 U.S.C. sec. 1332—diversity of citizenship—is not in dispute. The dispute is whether the second prong—amount in controversy—has been met and removal justified.

Donald C. Dornan, Jr., Biloxi, MS, for plaintiff.

William C. Griffin, Steen, Reynolds, Dalehite & Currie, Jackson, MS, for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before the Court on Plaintiff's Motion to Remand.

### Background

On March 18, 1994, David B. Gober filed a Complaint in the County Court of Jackson County against his insurer, Allstate Insurance Company, alleging negligence and bad-faith denial of a valid insurance claim. Gober seeks actual damages ($10,000) under the uninsured-motorist ("UM") provision of his insurance policy and punitive damages for the bad-faith denial. The Complaint specifies that, at most, Allstate's potential liability "will not exceed the sum of $50,000"—which satisfies the jurisdictional requirements of county court. *See* Complaint at 1; *see also* Miss.Code Ann. sec. 9–9–21 (1972) ("county court ... shall have jurisdiction ... in all matters ... wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Fifty Thousand Dollars ($50,000.00)").

On April 13, 1994, Allstate filed a Notice of Removal—removing the case from the county court to this Court. Allstate contends that the "matter in controversy ... exceeds

### Discussion

Removal is governed by federal statute:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. sec. 1441(a); *Powers v. South Central United Food & Commercial Workers Unions & Employers Health & Welfare Trust,* 719 F.2d 760, 763 (5th Cir.1983) ("The 'original jurisdiction' to which section 1441 refers can rest with the federal courts because of diversity of citizenship between the parties...."). This statute *must* be construed narrowly in order to limit federal jurisdiction and avoid undue encroachment on a state's right to adjudicate a case filed in one of its courts. *See, e.g., American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951) ("Congress, in [sec. 1441], carried out its purpose to abridge the right of removal"), *quoted in Powers,* 719 F.2d at 762; *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941) (referring to precursor of sec. 1441); *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 344 (3rd Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *Range Oil Supply Co. v. Chicago, Rock Island & P.R. Co.,*

248 F.2d 477, 479 (8th Cir.1957); *Town of Freedom, Okla. v. Muskogee Bridge Co.*, 466 F.Supp. 75 (W.D.Okla.1978). This principle, calling for strict construction of section 1441, is particularly applicable in cases involving diversity of citizenship. *See, e.g., Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574 (S.D.Ala.1986) ("This is especially true in diversity cases.") (citing cases). Thus, and of utmost import, a district court "should resolve doubt in favor of non-removal." *Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F.Supp. 1104, 1106 (D.S.C.1981) (citing cases); *see also Young Spring & Wire Corp. v. American Guarantee & Liability Ins. Co.*, 220 F.Supp. 222, 228 (W.D.Mo.1963) ("Statutes providing for removal on the grounds of diversity of citizenship are given strict construction in favor of the jurisdiction of the state court.") (citing *Shamrock Oil & Gas Co.*, 313 U.S. at 100, 61 S.Ct. at 868); *Keller v. Carr*, 534 F.Supp. 100, 103 (W.D.Ark.1981) (citing numerous cases).

■ The burden to "affirmatively" establish "by competent proof" federal jurisdiction—including the requisite amount in controversy at the time of removal—lies with the removing party. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.1993); *Walker v. Federal Deposit Ins. Corp.*, 970 F.2d 114, 119 (5th Cir.1992); *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 & 255 (5th Cir.1961). The specific burden, however, which a defendant must meet to successfully contest a motion to remand "is a question on which courts have disagreed [1] and for which there is no clear answer in this Circuit." [2] *Asociacion Nacional De Pescadores*

1. Some federal district courts have held that a case may not be removed or jurisdiction exercised unless the facts contained in the complaint are supportive. *See, e.g., Rollwitz v. Burlington N.R.R.*, 507 F.Supp. 582 (D.Mont.1981); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F.Supp. 1104, 1106 (D.S.C.1981) ("Normally, the plaintiff's state court complaint determines whether the case was properly removed.").

Other district courts have looked beyond the complaint, if "indeterminate" (*see* footnote 3, *infra*), to ascertain removability. *See, e.g., Lewis v. Charles H. Bentz Assocs., Inc.*, 601 F.Supp. 109, 113 (E.D.Wis.1985). For example, some courts peruse the removal petition to ascertain removability. *See, e.g., Keller v. Carr*, 534 F.Supp. 100, 103 (W.D.Ark.1981); *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582, 585 (1981).

In *Coleman v. Southern Norfolk*, 734 F.Supp. 719, 720–21 (E.D.La.1990), the district court employed a "third alternative":

When federal courts have been presented complaints lacking averments of a specific amount in controversy, they have had to look beyond the complaints to ascertain if federal jurisdiction exists. "In such cases the federal courts have either: (1) looked to the petition for removal, (2) made an independent appraisal of the monetary value of the claim or suggested the defendant was free to do so, or (3) remanded the action." ... This Court adopts the third alternative.

(citations omitted); *see also Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1308 (E.D.Ky.1990).

2. Gober contends that, "[i]n determining the sum or value of an amount in controversy, the Supreme Court has set forth the 'good faith' rule." *See* Plaintiff's Memorandum at 4 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

In *St. Paul Mercury Indemnity Co.*, the Court stated that a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." 303 U.S. at 289, 58 S.Ct. at 590. This test, however, describes the defendant's burden to obtain a dismissal after the plaintiff has commenced a suit in federal court and claimed a specific amount of damages adequate to confer federal jurisdiction. In such a case, "the sum claimed by a plaintiff controls if the claim is apparently made in good faith." Thus, the defendant bears the heavy burden of establishing, to a legal certainty, that the claimed amount cannot be recovered. *Id.* at 288, 58 S.Ct. at 590 (footnote omitted). The present case, by contrast, commenced in state court, and the plaintiff has never contended that his claim is worth more than $50,000.

Where a defendant's burden in contesting a motion to remand is, as Gober unwittingly contends, simply the inverse of a defendant's burden in obtaining a dismissal—*i.e.*, to show that it does not appear to a legal certainty that the required amount in controversy is *not* present—is, as noted in the text, an issue on which district courts cannot agree and which the Fifth Circuit concedes it has yet to resolve. *See ANPAC*, 988 F.2d at 564. In a case having no precedential value, a panel of the Fifth Circuit opined that this construction of the "legal certainty" test placed too

*A Pequena Escala O Artesanales De Colombia v. Dow Quimica De Colombia, S.A. ("ANPAC")*, 988 F.2d 559, 564 (5th Cir.1993).

In *ANPAC*, a panel of the Fifth Circuit discussed but did not "resolve the question of the removing party's burden in all situations." *Id.* at 566. The panel did, however, hold that "where the following circumstances are present, the burden has not been met:"

(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*Id.*

■ According to the Complaint filed in this case, Gober seeks actual damages in the amount of $10,000 and punitive damages in an unspecified amount. The Complaint, albeit indeterminate,[3] does provide some clues as to the aggregate amount which Gober is seeking to recover by noting that Allstate's potential liability "will not exceed the sum of $50,000." Indeed, under state statutory law, the maximum amount allowable in a county court is $50,000 (exclusive of costs and interest).[4] Allstate counters that Gober's claim for punitive damages renders it "potentially liable in excess of $50,000." Allstate supports its contention by examining recent developments in bad-faith litigation which reveal punitive-damage awards far in excess of $50,000. *See* Defendant's Memorandum Brief at 4 (citing cases). However, this observation alone cannot be deemed "competent proof" of the requisite jurisdictional amount in controversy. *Cf. Coleman v. Southern Norfolk*, 734 F.Supp. 719, 721 (E.D.La.1990) (granting plaintiff's motion to remand on the ground that defendant's reliance on damages claims in similar suits did not constitute the type of "affirmative showing" required of parties seeking removal).[5] At best, Allstate must base removal on nothing more than mere speculation. Indeed, the Complaint and other documentation are devoid of specific information or facts to support Allstate's valuation of Gober's claims.

light a burden on a defendant seeking removal where the plaintiff had specified damages less than the jurisdictional minimum, but state law did not preclude him from recovering a larger amount than he sought in his complaint. *See Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir. 1990), *reh'g en banc granted*, 923 F.2d 47 (5th Cir.), *appeal dismissed per stipulation of settlement*, 947 F.2d 736 (5th Cir.1991).

3. Complaints filed in state courts are, generally speaking, "indeterminate"—which simply means they do not include sufficient facts to show removability of the case in question. *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574–75 (S.D.Ala.1986) ("This is appropriate, because state court pleadings should not have to be drafted with *federal* jurisdiction in mind.") (emphasis in original) (citing cases).

4. Neither party disputes that any award Gober receives which exceeds the county court's jurisdictional limitation must be reduced via remittitur—albeit research yields little insight into the disposition of this issue.

5. *See also Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir.1990), *reh'g en banc granted*, 923 F.2d 47 (5th Cir.), *appeal dismissed per stipulation of settlement*, 947 F.2d 736 (5th Cir.1991). In *Kliebert*, a panel of the Fifth Circuit deemed unpersuasive the defendant's attempt to show that the plaintiff's claims are above the jurisdictional amount by relying primarily on judgments obtained in other factually similar cases which significantly exceeded the jurisdictional amount:

[D]efendants have failed to show that these cases are indicative of the potential damage award in this case. The awards in the cases cited by defendant range from $65,000 to $110,000, indicating that damages in tetracycline cases may vary significantly. Plaintiffs explain that the degree of discoloration of an individual's teeth can range from severe to within a normal spectrum of coloration. Defendants produced no summary judgment evidence tending to show how severe Kliebert's teeth were stained in comparison to the plaintiffs' teeth in the cited cases in which the damage awards exceeded the jurisdictional amount. More importantly, they produced no evidence from which either we or the district court could conclude that an award of less than $10,000 was below the range of awards that would be permitted to stand. Defendants, therefore, failed to establish a legal certainty that plaintiff will recover more than $10,000 in his suit.

915 F.2d at 147. This Court recognizes that, in view of its subsequent history, *Kliebert* is of no precedential value.

*See, e.g., ANPAC,* 988 F.2d at 566 (instructing the district court to remand case, in part, because defendant "did not, and probably could not have, offered [*sic*] any facts to support its valuation of plaintiffs' claims"); *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F.Supp. 1305, 1309 (E.D.Ky.1990) ("defendant should make an independent inquiry as to the extent of damages or run the risk of remand"). Under such circumstances and keeping in mind the principles that 28 U.S.C. sec. 1441 must be narrowly construed and any doubt should be resolved in favor of non-removability, this Court shall decline jurisdiction and remand the case to the county court from which it was removed.[6] *See, e.g., American Fire & Casualty Co.,* 341 U.S. at 10, 71 S.Ct. at 538; *Great Atlantic & Pacific Tea Co.,* 728 F.Supp. at 1309; *Auto Ins. Agency, Inc.,* 525 F.Supp. at 1106; *Young Spring & Wire Corp.,* 220 F.Supp. at 228.

### Conclusion

This Court concludes that the circumstances present in *ANPAC* are sufficiently present in this case: (1) The substance of the Complaint does not establish to this Court's satisfaction that the damages sought or incurred will likely exceed $50,000 (in fact, it seems to establish the contrary); (2) Allstate's contention that damages will exceed $50,000 amounts to nothing more than a conclusory statement based on mere speculation; and (3) Gober timely contested removal with

an insufficiently rebutted declaration (contained in his Motion to Remand) that the amount in controversy which he seeks to recover does not exceed $50,000. Accordingly, Allstate removed this case improvidently and without subject-matter jurisdiction. This case must be remanded pursuant to 28 U.S.C. sec. 1447(c).[7] *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) ("[Section 1447(d) ] prohibits review of all remand orders issued pursuant to sec. 1447(c) *whether erroneous or not* and whether review is sought by appeal or by extraordinary writ. . . . If a trial judge purports to remand a case on the grounds that it was removed 'improvidently and without jurisdiction,' his order is 'unreviewable.' ") (emphasis in original); *see also In re Medscope Marine Ltd.,* 972 F.2d 107, 108–10 (5th Cir.1992); *Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1026–28 (5th Cir.), *cert. denied, CSX Transp., Inc. v. Tillman,* —— U.S. ——, 112 S.Ct. 176, 116 L.Ed.2d 139 (1991); *In re Allied–Signal, Inc.,* 919 F.2d 277, 279–80 (5th Cir.1990).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand be hereby **GRANTED.**

### SO ORDERED AND ADJUDGED.

**6.** The district court's decision in *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572 (S.D.Ala.1986), provides support by analogy:

> The complaint seeks damages for the tort of bad faith refusal by an insurance company to pay amounts under a policy. Even a cursory examination of recent developments in Alabama shows that a defendant's potential exposure will almost certainly exceed $10,000.00 [the then-requisite jurisdictional amount], thus providing a basis for federal jurisdiction. . . . The Court finds that in this case, however, the defendant has failed to carry the burden of proving the requisite jurisdictional amount is really at stake.
>
> . . . .
>
> Pursuant to the foregoing opinion, the Court having concluded that retaining jurisdiction of this indeterminate complaint case would amount to poaching on the hunting grounds of a coordinate judicial system . . ., it is hereby ORDERED that the motion for remand is GRANTED. This case was removed improvi-

dently and without jurisdiction, and the Court ORDERS that it be REMANDED to the Circuit Court of Choctaw County, Alabama, forthwith, pursuant to 28 U.S.C. sec. 1447(c).
*Id.* at 577 (citations omitted).

**7.** This Court is aware of the tactics parties sometimes employ to invoke or avoid federal jurisdiction. *See, e.g., Kliebert v. Upjohn Co.,* 915 F.2d 142, 145 (5th Cir.1990) ("Under the amended removal statute, a plaintiff can plead less than the jurisdictional amount, wait one year, formally amend the complaint to seek more than the jurisdictional amount and remain in state court because the one-year limitation precludes the defendant from removing."), *reh'g en banc granted,* 923 F.2d 47 (5th Cir.), *appeal dismissed per stipulation of settlement,* 947 F.2d 736 (5th Cir. 1991). Unfortunately for the defendant, "federal courts have only the jurisdiction Congress grants them." *Id.* And "plaintiffs are entitled to avoid federal court by seeking less than the jurisdictional amount. . . ." *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 577 (S.D.Ala.1986).