**OMEGA SPORTS, INC., Plaintiff,**

v.

**SUNKYONG AMERICA, INC., Defendant.**

**No. 94–CV–6375.**

United States District Court, E.D. Pennsylvania.

Jan. 4, 1995.

J. Stephen Woodside, J. Stephen Woodside, P.C., Philadelphia, PA, for plaintiff.

Neal D. Colton, Jeffrey W. Gutchess, Dechert, Price and Rhoads, Philadelphia, PA, for defendant.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

This civil matter is before the Court by motion of the plaintiff, Omega Sports, Inc. (Omega), which asks us to remand the case to the Court of Common Pleas for Lancaster County, Pennsylvania and award it sanctions under Fed.R.Civ.P. 11. For the reasons that follow, we will grant Omega's motion to remand, but deny its request for Rule 11 sanctions.

*I. BACKGROUND*

This action was initiated when Omega filed a Writ of Summons in equity in the Court of Common Pleas naming Sunkyong America, Inc. (Sunkyong) as defendant. On October 12, 1994, Omega served pre-complaint discovery upon Sunkyong, seeking the production of documents relating to a contract entered into between Omega and Sunkyong on July 18, 1989. Pursuant to the contract, Sunkyong had agreed to pay commissions to Omega for the sale of athletic shoes by Sunkyong to Meldisco, Inc. (Meldisco), the footwear

division of K–Mart. Omega also sought the production of documents relating to the sale of all footwear, including athletic shoes, by Sunkyong to Meldisco.

Upon review of the request for production of documents, and before a complaint had been filed, Sunkyong reasoned that the lawsuit probably centered on the payment of commissions called for in the contract. Sunkyong applied the commission rate to the volume of all footwear sales by Sunkyong to Meldisco to arrive at an amount in controversy of close to $132,000. Thereafter, on October 21, 1994, Sunkyong filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441,[1] contending that this Court has original jurisdiction over the matter by virtue of our diversity jurisdiction, in that the parties are of diverse citizenship and the amount in controversy exceeds $50,000.[2]

Omega now brings this motion to remand the matter to the Court of Common Pleas for Lancaster County, and argues that the figure calculated by Sunkyong is of little help in determining the true amount in controversy in that it is based upon the total volume of shoe sales between Sunkyong and Meldisco.[3] Omega notes that the contract at the center of the dispute is concerned only with the sale of athletic shoes, and asserts that Sunkyong has been reluctant to provide information concerning the volume of athletic-shoe sales by Sunkyong to Meldisco. Further, Omega seeks Rule 11 sanctions, arguing that Sunkyong's removal of the action was without a basis in either law or fact. These requests will be addressed in turn.

## II. ANALYSIS AND CONCLUSION

### A. Motion to Remand

 The issue for this Court, then, is whether the jurisdictional amount has been satisfied. When presented with this issue, courts have generally held that the amount pleaded by the plaintiff controls as long as it is made in good faith. Thus, dismissal is justified only when it appears " 'to a legal certainty that the claim is really for less than the jurisdictional amount.' " *Corwin Jeep Sales v. American Motors Sales Corp.*, 670 F.Supp. 591, 595 (M.D.Pa.1986) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). In cases such as this one, however, where the complaint does not contain a specific disputed amount, and the removability of the case is contested by a timely motion to remand, the court is obliged to make a factual inquiry into the amount in controversy issue. *Id.* at 596 (citations omitted). Courts approach this issue mindful of the rule that the party alleging the sufficiency of the amount in controversy bears the burden of proving that the jurisdictional minimum has been met. *Hunter v. Greenwood Trust Co.*, 856 F.Supp. 207, 219 (D.N.J.1992); *Corwin Jeep Sales*, 670 F.Supp. at 595 (quoting *United Jersey Bank Southwest v. Keystone Collision, Inc.*, 482 F.Supp. 71, 72 (E.D.Pa.1979)).

 In the present case, we find that Sunkyong has failed to meet its burden of demonstrating that the amount in controversy exceeds $50,000. We first note that since the contract at issue deals only with sales of athletic footwear, Sunkyong's contention that the commission on sales of all footwear by it to Meldisco exceeds the jurisdictional minimum is simply of no help to us in deciding whether an amount in excess of $50,000 is in dispute. We are aware that evidence may arise to show that the amount in controversy does meet the $50,000 threshold. Should such evidence be presented, Sunkyong may properly exercise its right to remove the case

---

1. Section 1441(a) provides as follows:
 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different states.").

3. We must remand diversity cases if the amount in controversy is less than or equal to $50,000. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

to the federal court.[4] In the absence of such information, however, this Court cannot conclude that Sunkyong has proved that a sum in excess of $50,000 is at issue. Accordingly, this Court lacks jurisdiction over the subject matter and must remand the case to the Court of Common Pleas for Lancaster County.

### B. *Rule 11 Sanctions*

■ Omega has included a request for Rule 11 sanctions along with its motion to remand. Since Omega itself has failed to comply with Rule 11 in seeking these sanctions, however, its request will be denied. The recently amended Rule 11 requires that a motion for sanctions be made by a separate motion and that it be served 21 days before it is filed with the court. Rule 11(c)(1)(A). Omega has failed to comply with these steps, and as a result, any award of sanctions in its favor would be unwarranted. Accordingly, we will deny Omega's request for sanctions pursuant to Rule 11.

**4.** Sunkyong cites *National Media Corp. v. DiGiovanna,* Civ.A. No. 94–2078, 1994 WL 268260 (E.D.Pa. June 14, 1994), for the proposition that this Court should not remand the case even if it finds that the case was removed prematurely. In *National Media,* the court was confronted with a situation in which the defendant removed the case from the state court before the 30 day period in which removal may occur had been triggered. The court concluded that since the case was properly removable, to remand the case on such technical grounds only to see the case removed to the federal court at a later date would result in needless "wheel-spinning and wasted effort." *Id.* at *1. The court concluded that "there is no provision in the statute, and no case … which squarely holds, that premature removal of a case which is in fact properly removable should result in remand." *Id.*

In this case, however, no evidence has been presented to the Court that the case is properly removable. Thus, we remand *not on the technical* grounds contemplated and rejected by the *National Media* court, but because we are unconvinced that Sunkyong was entitled to remove the case.