896 F.Supp. 173 (1995)
Mark A. ORNDORFF, Annette Orndorff, Plaintiffs
v.
ALLSTATE INSURANCE COMPANY, Connecticut Indemnity Company, United States Fire Insurance Company, Santa Rosa Group, Inc., d/b/a Buffalo Fuel Corporation, Defendants.
Civ. A. No. 1:CV-95-722.
United States District Court, M.D. Pennsylvania.
August 23, 1995.
*174 Douglas Ray Bare, York, PA, for plaintiffs.
James G. Nealon, III, Caldwell & Kearns, Harrisburg, PA, George B. Faller, Jr., Carlisle, PA, and Richard B. Druby, Harrisburg, PA, for defendants.

MEMORANDUM
CALDWELL, District Judge.

I. BACKGROUND

This action arises from an automobile accident involving Plaintiff Mark A. Orndorff. On April 10, 1995, Plaintiffs filed a complaint in the Court of Common Pleas of Adams County, Pennsylvania, under the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S.A. § 7531 et seq. The Defendants are Connecticut Indemnity Company ("Connecticut"); United States Fire Insurance Company and Santa Rosa Group, d/b/a Buffalo Fuel Corporation ("Removing Defendants"); and Allstate Insurance Company ("Allstate"). On May 8, 1995, the case was removed here pursuant to 28 U.S.C. § 1441. On July 17, 1995, Connecticut filed the present motion to remand pursuant to 28 U.S.C. § 1447(c), arguing that this court lacks subject matter jurisdiction.[1]

II. LAW AND DISCUSSION

A. Motion to Remand

A defendant may remove a case to federal court only when that court could have entertained original jurisdiction over the action. 28 U.S.C. § 1441(a). The Removing Defendants removed this action on the premise that we possess jurisdiction pursuant to 28 U.S.C. § 1332. For a court to exercise jurisdiction under section 1332, there must be both diversity of citizenship and an amount in controversy in excess of $50,000. In this case, there is no question that complete diversity of citizenship is present. The dispute, however, concerns the amount in controversy. Connecticut contends that the amount is less than $50,000, and that we lack subject matter jurisdiction. See 28 U.S.C. § 1447(c).
Once challenged, the party invoking federal jurisdiction, bears the burden of proving that jurisdiction is proper. Corwin Jeep Sales v. American Motors Sales, 670 F.Supp. 591, 595 (M.D.Pa.1986) (Rambo, J.). Thus, when a plaintiff institutes an action in federal court, and the defendant challenges jurisdiction, the plaintiff must prove that jurisdiction *175 is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3069 (U.S. June 5, 1995) (No. 95-102). Similarly, when a defendant removes an action to federal court, the defendant must prove that jurisdiction is proper. Id.
The Removing Defendants contend that the appropriate test to determine whether jurisdiction is proper here is the "legal certainty test" espoused in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848 (1938).[2] We agree that the legal certainty test is appropriate but the Removing Defendants have misconstrued its application here.
In St. Paul Mercury the plaintiff instituted an action in state court, alleging entitlement to an amount greater than the jurisdictional requirement. The defendant removed the case to federal court, asserting that diversity jurisdiction was proper. The plaintiff then amended its complaint to request less than the jurisdictional amount, and sought remand because jurisdiction was lacking. The Court held that the amount in controversy is measured at the time the complaint is filed and that the amount claimed by the plaintiff, if made in good faith, will be accepted unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303 U.S. at 288-89, 58 S.Ct. at 590, 82 L.Ed. at 848. Thus, because the plaintiff's complaint contained a claim for damages in excess of the jurisdictional amount, the Court held that removal was proper.
Here, however, we are faced with a different situation: the Plaintiffs instituted the action in state court without alleging the specific amount they seek, and it was removed here pursuant to 28 U.S.C. § 1441.[3] Neither the Supreme Court nor the Third Circuit have addressed the application of the legal certainty test in such a case. However, we find numerous other decisions instructive.
In De Aguilar, supra, the plaintiffs instituted an action in state court, but did not plead a specific amount of damages. The defendants removed the case to federal court on the basis of diversity jurisdiction. The plaintiffs sought remand, arguing that the amount in controversy did not exceed $50,000. The court held that a removing defendant (as the party claiming jurisdiction) must "show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." De Aguilar, 47 F.3d at 1412; see also Omega Sports, Inc. v. Sunkyong America, Inc., 872 F.Supp. 201, 202 (E.D.Pa.1995); Bergstrom v. Burlington Northern R.R. Co., 895 F.Supp. 257, 258 (D.N.D.1995); Nickel v. Jackson, 380 F.Supp. 1389, 1391 (W.D.Okla.1974).
We agree with the court's analysis in De Aguilar, and adopt the standard set forth there as our own. Thus, when a plaintiff institutes an action in state court and the defendant removes it on grounds of diversity jurisdiction, the defendant must first establish that the amount in controversy exceeds $50,000. De Aguilar, 47 F.3d at 1412. If the defendant carries its burden, removal is proper unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. (citing St. Paul Mercury, 303 U.S. at 289, 58 S.Ct. at 590, 82 L.Ed. at 848).
The Third Circuit's recent decision in Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir.1995) is not to the contrary, and in fact supports the test we adopt today. In Jumara, the plaintiffs initiated an action in federal court under 28 U.S.C. § 1332, and the defendants sought to have it remanded *176 because the amount in controversy was insufficient to confer jurisdiction on the district court. Although the plaintiffs did not set forth the amount of damages they were seeking, the court found that the complaint sufficiently indicated that the value of the claim exceeded $50,000, and that the plaintiffs had carried their burden. The court declined to remand the action because the parties challenging jurisdiction (the defendants) had not established, to a legal certainty, that the value of plaintiffs' claims was less than $50,000.
In the present case, although the procedural posture of the parties is different, the result is the same: if the parties claiming jurisdiction is proper (the Removing Defendants) carry their burden in the first instance, remand is not appropriate unless the party challenging jurisdiction (Connecticut) establishes, to a legal certainty, that the value of Plaintiffs' claim is not in excess of $50,000. See De Aguilar, 47 F.3d at 1412.
In applying this standard to the case at bar, we need look no further than the complaint to conclude that Plaintiffs' claim will likely exceed $50,000. Plaintiffs allege that Mark Orndorff has incurred at least $20,000[4] in unpaid medical expenses through April, 1995. In addition he sustained severe fractures of his right leg requiring the use of metal implants, rods, plates and screws, and received other internal injuries. [Pls.' Compl. ¶ 10]. From these allegations, we conclude that there is a substantial probability that the value of Plaintiffs' claim exceeds $50,000, and that the Removing Defendants have satisfied their burden of establishing jurisdiction. Further, there is nothing that would indicate, to a legal certainty, that Plaintiffs' claim would not exceed that amount. Accordingly, Connecticut's motion to remand will be denied.[5]
NOTES
[1] The alignment of the parties in this motion is curious. Although Connecticut is now objecting to jurisdiction here, its approval to remove the case here was required by 28 U.S.C. § 1446(a). Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir.1995). Thus, if Connecticut did not consent at that time, removal was improper. Id. However, such a procedural defect must be raised within 30 days of the notice of removal, 28 U.S.C. § 1447(c), and failure to do so results in a waiver. Id. at 214 n. 5 (citing McGlinchey v. Hartford Acc. and Indem. Co., 866 F.2d 651, 653 (3d Cir.1989)). Because no party objected within 30 days of removal we will not remand for that defect.
[2] We reject the test proposed by Connecticut, which would require the Removing Defendant to establish, to a legal certainty, that the jurisdictional requirements are met. In support of this novel proposition, it cites Gober v. Allstate Insurance Co., 855 F.Supp. 158 (S.D.Miss.1994). However, our reading of the court's decision in Gober does not indicate that it adopted such a test, and, insofar as it did, it was implicitly rejected by the Fifth Circuit in De Aguilar, supra.
[3] Section 1441 is to be construed narrowly and any doubt is to be resolved in favor of remand, particularly in cases involving diversity of citizenship. See Wuerl v. International Life Science Church, 758 F.Supp. 1084, 1086 (W.D.Pa.1991) (citing Shamrock Oil and Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).
[4] Although Plaintiffs contend that Mr. Orndorff's medical expenses are "at least $120,000.00", he received $100,000.00 from the tortfeasor's insurer.
[5] Connecticut also requests, in the alternative, that we invoke our discretion to remand this action to state court. However, we conclude that the circumstances here do not warrant remand.