Shamell SAMUEL–BASSETT on behalf of herself and all others similarly situated

v.

KIA MOTORS AMERICA, INC.

No. CIV. A. 01–CV–0703.

United States District Court, E.D. Pennsylvania.

May 9, 2001.

James A. Francis, Mark D. Mailman, Francis & Mailman, P.C., Philadelphia, PA, Michael D. Donovan, David A. Searles, Donovan Miller, LLC, Craig Thor Kimmel, Robert M. Silverman, Kimmel & Silverman, P.C., Ambler, PA, for Plaintiff.

Peter Samson, Thomas M. Goutman, James W. Scott, Jr., Edward M. Koch, White and Williams, LLP, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the motion which is now pending before this Court, Plaintiff, Shamell Samuel–Bassett, moves to remand this as yet uncertified class action to the Court of Common Pleas of Philadelphia County. For the reasons which follow, the motion shall be denied.

### Factual Background

Plaintiff filed this action in January, 2001 "on her own behalf and on behalf of all other persons similarly situated" for damages arising out of an allegedly defective brake system in the model year 2000 Kia Sephia automobile which she purchased from Downingtown Motor Corp. According to the plaintiff's complaint, the braking defect is a systemic design, materials and workmanship defect which causes the vehicle to shudder, vibrate, make grinding and groaning noises upon application of the brakes and often renders the vehicle unable to stop. Despite the defendant's purported knowledge about the brake system defect, Defendant failed to warn or notify consumers of the defect and failed to repair or offer to repair consumers' vehicles. Since Plaintiff purchased her Sephia automobile, it has consistently exhibited and suffered from the brake system defect and Plaintiff has therefore been substantially impaired in the use of her car.

Although Ms. Samuel–Bassett took her Sephia to Kia authorized dealerships for repair of the brake system defect on at least five separate occasions within the vehicle's first 17,000 miles, the repair attempts and replacements of the brakes and rotors all proved unsuccessful. Plaintiff therefore contends that she and the other members of the class (which Plaintiff

proposes should include all Pennsylvania residents who purchased and/or leased Kia Sephias for personal, family or household purposes within the six-year period preceding the filing of the complaint) are entitled to:

a) a declaration that Defendant's conduct constitutes a violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq. and the Magnuson–Moss Warranty Improvement Act, 15 U.S.C. § 2301, *et. seq.*, and a breach of implied and express warranties;

b) to be notified and warned about the brake system defect and to final injunctive relief compelling Defendant to issue a notification and warning to all class members concerning such defect;

c) actual damages representing (i) the failure of consideration in connection with and/or the difference in value arising out of the variance between the defendant's automobiles as warranted and the automobiles containing the brake system defect; (ii) the depression of resale value of the automobiles; (iii) sufficient funds to permit the owner of each vehicle containing the brake system defect to obtain effective repairs; (iv) a refund of all monies paid out-of-pocket for repair attempts; (v) compensation for all out-of-pocket expenses suffered as the result of being unable to use the vehicle, including the cost of any and all alternate forms of transportation; and (vi) rescission of the sale and/or lease of the vehicle, where appropriate.

Plaintiff's complaint [1] alleges that she is a citizen of Pennsylvania and resident of Philadelphia and that Kia Motors America, Inc. is a California corporation. (Complaint, ¶s 3,4). The complaint, however, further avers that neither the claim of the plaintiff herself nor that of any proposed individual class member "meets the jurisdictional requirements of 28 U.S.C. § 1332 pertaining to federal jurisdiction based upon diversity of citizenship, and no basis exists for any other type of federal court jurisdiction." (Complaint, ¶ 5). In the Notice of Removal which it filed on February 12, 2001, Kia Motors averred that in light of the legal and equitable relief sought and the claims for punitive damages and attorneys' fees, the amount in controversy presented by the plaintiff's complaint was above the minimum amount of $75,000.00. In filing her motion to remand, Plaintiff challenges this assertion.

### Discussion

The principles governing the removal of actions from state courts are outlined in 28 U.S.C. § 1441, which provides, in relevant part:

---

1. On March 30, 2001, Plaintiff filed an Amended Complaint which alleges, at ¶ 5:

"[t]he damages claimed herein by Plaintiff and each member of the Class are no more than $74,999.00 per person, exclusive of interest and costs. Plaintiff and each member of the Class, the value of the equitable relief sought herein, together with all other relief, is no more than $74,999.00 per person. Plaintiff and each member of the class has an independent and separable interest in all compensatory damages, punitive damages, attorney fees, restitution damages and other equitable awards prayed for herein. Hence, Plaintiff is unaware of any legitimate basis on which federal subject matter jurisdiction may be based, and expressly disclaims any claims or damages upon which such jurisdiction may be asserted."

Given that the amount in controversy is measured as of the date of removal, however, we do not consider the Amended Complaint in resolving this motion to remand. *See, e.g., Meritcare, Inc. v. St. Paul Mercury Insurance Co.,* 166 F.3d 214, 217 (3rd Cir.1999), citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939) and *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3rd Cir.1985).

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...

 Under this statute, the propriety of removal therefore depends upon whether the case originally could have been filed in federal court. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997). For a court to exercise jurisdiction under 28 U.S.C. § 1332, there must be both diversity of citizenship and an amount in controversy in excess of $75,000. *Orndorff v. Allstate Insurance Company*, 896 F.Supp. 173, 174 (M.D.Pa.1995); 28 U.S.C. § 1332(a). The amount in controversy is measured by a reasonable reading of the value of the rights being litigated. *Angus v. Shiley*, 989 F.2d 142, 146 (3rd Cir.1993).

 It has consistently been held that § 1441 is to be strictly construed against removal so that the congressional intent to restrict federal diversity jurisdiction is honored. *Meritcare, Inc. v. St. Paul Mercury Insurance Co.*, 166 F.3d 214, 217 (3rd Cir.1999); *Robinson v. Computer Learning Centers, Inc.*, 1999 WL 817745, 1999 U.S. Dist. LEXIS 15753 (E.D.Pa.1999).

All doubts as to the existence of federal jurisdiction must be resolved in favor of remand. *Packard v. Provident National Bank*, 994 F.2d 1039, 1044–45 (3rd Cir. 1993); *Neff v. General Motors Corp.*, 163 F.R.D. 478, 480 (E.D.Pa.1995).

 In determining whether the jurisdictional amount has been properly alleged, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal, but if it is apparent to a legal certainty from the face of the pleadings that the plaintiff cannot recover the amount claimed or if from the proofs the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. *In Re Corestates Trust Fee Litigation*, 39 F.3d 61, 64 (3rd Cir.1994). Stated otherwise, once challenged, the party invoking federal jurisdiction bears the burden[2] of proving that jurisdiction is proper. When a defendant removes an action to federal court, it is the defendant who must prove that jurisdiction is proper. *Meritcare*, 166 F.3d at 222; *Orndorff*, 896 F.Supp. at 175. In diversity-based class actions, class members may not aggregate their claims in order to reach the requisite amount in controversy and thus each member of the class must independently meet the juris-

---

**2.** It is as yet unclear what the precise burden of proof is with respect to demonstrating the amount in controversy. Indeed, the Third Circuit has held both that it must be shown to be "legally certain" that a plaintiff could not recover an amount above $75,000 in order to justify remand and that remand is not appropriate if a reasonable jury could award damages greater than the jurisdictional amount. *See: Meritcare*, 166 F.3d at 219; *Corestates, supra.; Angus v. Shiley*, 989 F.2d at 146; *Werwinski v. Ford Motor Company*, 2000 U.S.

Dist. LEXIS 4602 at *4, n. 1 (E.D.Pa.2000); *In Re Diet Drugs Products Liability Litigation*, 2000 WL 556602 (E.D.Pa.2000). On at least one occasion, the Eastern District of Pennsylvania has adhered to the "preponderance of the evidence" standard. *See, Werwinski* at *5. Insofar as the "legal certainty" test appears to be the most frequently utilized, it is that test which we apply here. *See Also: Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 876–877 (3rd Cir.1995).

dictional amount requirement in order to establish diversity jurisdiction under § 1332; each member who fails to meet the jurisdictional amount must be dismissed from the case. *In re LifeUSA Holding, Inc.*, 242 F.3d 136, 142 (3rd Cir. 2001); *Meritcare*, 166 F.3d at 218; *Dorian v. Bridgestone/Firestone, Inc.*, 2000 WL 1570627, 2000 U.S. Dist. LEXIS 15407 (E.D.Pa.2000), all citing *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). It should be noted that putative class actions, prior to certification, are treated as class actions for jurisdictional purposes. *Robinson, supra*, at n. 2.

■ In application of these principles to the case at hand, we note first that the base purchase price of Plaintiff's vehicle was $13,370. Following the deduction of $2010 in rebates, Plaintiff also incurred $126.50 in registration, license, title and filing fees plus $985.65 in sales tax and paid $710.65 for a service contract. Plaintiff therefore financed $13,182.80 over five years. According to Exhibit "C" to her complaint, the total sale price of the car on credit including her down payment was $22,095.00. By her *ad damnum* clauses, the plaintiff seeks damages on her own behalf and on behalf of the putative class for (1) the difference between the value of the vehicle(s) as warranted and with the brake system defects, (2) the depression in the resale value of the cars as a consequence of the brake defects; (3) repair costs, (4) out-of-pocket monies spent on repair attempts and for loss of the use of the vehicle(s), (5) treble damages, and (6) costs and expenses associated with the prosecution of this civil action, including filing and court costs and attorneys' fees.

Alternatively, Plaintiff seeks to rescind the purchase agreement(s) and an order declaring the defendant's conduct to have been in violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), the Magnuson–Moss Warranty Improvement Act and in breach of express warranty and the implied warranty of merchantability.[3]

■ Without even assigning a value to Plaintiff's equitable claim, we find that there is sufficient evidence to demonstrate to a legal certainty that the plaintiff's claims are not less than the jurisdictional amount. Indeed, giving the damages claims the broadest possible reading and trebling the $22,095 which Plaintiff is obligated to pay for her automobile over five years under the UTPCPL, plus attorneys' fees, court costs, and out-of-pocket expenses for repairs, rental cars and/or alternate transportation, etc., would clearly total an amount in excess of $75,000. *See, Robinson, supra; Neff*, 163 F.R.D. at 481. *See Also: Garcia v. General Motors Corp.*, 910 F.Supp. 160, 165 (D.N.J.1995). Accordingly, we find that this Court possesses diversity jurisdiction under § 1332 and we therefore deny the plaintiff's motion to remand.

An order follows.

### *ORDER*

AND NOW, this 9th day of May, 2001, upon consideration of Plaintiff's Motion to Remand this case to the Court of Common Pleas of Philadelphia County and Defen-

---

**3.** In cases where injunctive or declaratory relief is sought, the amount in controversy is measured by the value of the right sought to be protected by the equitable relief. *See: Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *In Re Corestates Trust Fee Litigation*, 39 F.3d at 65; *Pohl v. NGK Metals Corp.*, 117 F.Supp.2d 474, 478, n. 3 (E.D.Pa.2000).

dant's response thereto, it is hereby OR-DERED that the Motion is DENIED.