United States Court of Appeals,

Fifth Circuit.

No. 91-2502.

ASOCIACION NACIONAL DE PESCADORES A PEQUENA ESCALA O ARTESANALES DE COLOMBIA (ANPAC), et al., Plaintiffs-Appellants,

v.

DOW QUIMICA DE COLOMBIA S.A., et al., Defendants-Appellees.

April 15, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, GARWOOD, and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Small-scale commercial fishermen from Colombia sued an American corporation and its Colombian subsidiary in state court for unspecified damages arising from a chemical spill. The American defendant removed to federal court, alleging that the Colombian defendant had been fraudulently joined to defeat diversity jurisdiction. The plaintiffs requested a remand to state court, arguing that the suit did not place the requisite amount in controversy and that there was not complete diversity. The plaintiffs bring this appeal from the district court's denial of their remand motion, dismissal of the Colombian defendant for lack of *in personam* jurisdiction, and dismissal of the entire suit on *forum non conveniens* grounds. We affirm in part and reverse and vacate in part with directions to remand to state court.

**Facts and Proceedings Below**

On December 21, 1990, a group of approximately 700 Colombian fishermen filed suit in Texas state court against Dow Chemical Company (Dow Chemical) and its wholly owned subsidiary Dow Quimica de Colombia, S.A. (Dow Quimica), a Colombian corporation. The fishermen sought damages arising from the spill of pesticide from a local Dow Quimica storage tank into the Bay of Cartegena in Colombia on June 19, 1989. Their complaint alleged that the spill immediately killed tons of fish that would otherwise have been available for commercial harvest, and caused more lasting disruption of the food chain by killing various plant and animal life in the bay. The plaintiffs alleged

that they had suffered grave economic losses, resulting in poverty and hunger. The plaintiffs further alleged that Dow Quimica had enlisted their help in removing the dead fish from the bay but had not warned them to take proper precautions against exposure to the pesticide, and as a result they had removed the fish with their bare hands and had suffered "personal injuries, including skin rashes." The theories of liability included negligence, strict liability, trespass, and nuisance. As mandated by Texas law for complaints seeking unliquidated damages,[1] the plaintiffs did not plead a specific amount in damages, alleging only that "[d]amages far exceed the minimum jurisdictional limits of this court."

One of the plaintiffs was the Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC), an association incorporated under the laws of Colombia to promote the business interests of small-scale commercial fishermen.

On February 15, 1991, Dow Chemical removed the case to federal court. Its notice of removal alleged that Dow Quimica, a Colombian corporation with its principal place of business in Bogota, had no contacts with Texas that would support the exercise of personal jurisdiction over it by a Texas court, and that Dow Quimica had been fraudulently joined to defeat diversity jurisdiction. The notice of removal further alleged that the amount in controversy exceeded $50,000, so that all requirements for diversity jurisdiction were met as to the plaintiffs and Dow Chemical. *See* 28 U.S.C. §§ 1332, 1441. Several days later, Dow Quimica filed a motion to dismiss for lack of personal jurisdiction, and Dow Chemical moved for dismissal on *forum non conveniens* grounds. Dow Chemical alleged that considerations of efficiency and fairness dictated that trial be held in Colombia.

On March 15, 1991, the plaintiffs moved to remand the case to state district court, alleging that the federal court lacked subject matter jurisdiction because there was neither complete diversity nor the requisite amount in controversy. They attached an affidavit from their Colombian attorney declaring that (1) the individual plaintiffs had each executed a power of attorney to ANPAC, and ANPAC was acting solely as their collection agent, and was not pursuing a claim on its own behalf; and (2) no individual fisherman suffered a loss greater than $50,000. The plaintiffs' motion also

---

[1]*See* Tex.R.Civ.P. 47(b); *Capitol Brick, Inc. v. Fleming Manufacturing Co.,* 722 S.W.2d 399, 401 (Tex.1986).

argued that the defendants had not met their burden of proving fraudulent joinder, which was to show that there was no possibility that the plaintiffs could establish a cause of action against Dow Quimica. The plaintiffs argued that, although there had been no discovery in the case, the requisite jurisdictional contacts probably existed, because Dow Chemical operated the world's largest chemical plant in Texas, and it was likely that the spilled chemical had been produced in part in Texas, and also because in licensing the chemical in Colombia Dow Quimica had relied on studies produced by Dow Chemical in Texas.

On April 16th, the district court entered an order (1) denying the plaintiffs' motion to remand; (2) dismissing Dow Quimica for lack of personal jurisdiction; and (3) dismissing the entire case on *forum non conveniens* grounds. ANPAC and the individual plaintiffs bring this appeal.

## Discussion

I. Amount in Controversy

The initial question is whether the district court should have granted plaintiffs' motion to remand because the amount in controversy required to support diversity jurisdiction ($50,000) was not present. Dow Chemical, which as the removing party bears the burden of establishing the basis for federal jurisdiction, *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253-54 (5th Cir.1961), offers several arguments to support the conclusion that $50,000 was in controversy.

The first is that the claims of the individual plaintiffs may be aggregated to reach $50,000.[2] Although conceding that as a general rule aggregation is not allowed, Dow Chemical argues that this case falls within a recognized exception for instances in which the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Pinel v. Pinel,* 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817 (1916). Dow Chemical characterizes the suit as one to recover damages to a single source of income—the fish in the Bay of Cartegena—that the plaintiffs had a common opportunity to pursue. Under the common law, Dow Chemical points out, there are no individual property rights in animals *ferae naturae.* *Wiley v. Baker,* 597 S.W.2d 3, 5

---

[2]Dow Chemical does not dispute that ANPAC is solely a collection agent and that its claim in excess of $50,000 does not confer jurisdiction.

(Tex.Civ.App.—Tyler 1980, no writ).

However, the plaintiffs are not asking that the court assign a value to the fishing rights in the Bay of Cartegena and award them each a *per capita* share of the diminution in that value resulting from the chemical spill. Rather, they are each severally seeking as damages the income that each of them lost as a consequence of the chemical spill and compensation for the personal injuries they sustained. The personal injury claims clearly are individual and not aggregable. *See Eagle Star Insurance Co. v. Maltes,* 313 F.2d 778 (5th Cir.1963). The claims for loss of economic opportunity must also be classified as individual, for they will vary based on the particular plaintiff's fishing equipment, expertise, and so forth. Moreover, the value of the "common source" in which Dow Chemical argues that the plaintiffs are asserting an undivided interest is not finite and is not ascertainable except by reference to the income derived from it by the plaintiffs. Unlike a case in which an interest in property might be deemed indivisible because, for instance, its value secures two debts without priority,[3] in this case one plaintiff's recovery is neither dependent upon, nor necessarily reduced by, another's.

Although the right to fish in the Bay of Cartegena may have been shared by the public at large, the theory on which liability has been authorized in cases of this type is that the fishermen had special commercial interests in the water and thus suffered an injury not suffered by the public at large; as a consequence, their "specific pecuniary losses" could be recovered. *See State of Louisiana ex rel. Guste v. M/V Testbank,* 524 F.Supp. 1170, 1174 (E.D.La.1981), *aff'd,* 752 F.2d 1019 (5th Cir.1985) (en banc), *cert. denied,* 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1976); *accord Burgess v. M/V TAMANO,* 370 F.Supp. 247, 250 (D.Me.1973).

The cases relied upon by Dow Chemical, *Insurance Company of North America v. Chinowith,* 393 F.2d 916 (5th Cir.), *cert. denied,* 393 U.S. 990, 89 S.Ct. 474, 21 L.Ed.2d 453 (1968), and *Eagle v. American Telephone and Telegraph Co.,* 769 F.2d 541 (9th Cir.1985), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986), are both ones in which the plaintiffs were seeking essentially derivative recovery for injury to another person or entity. In *Chinowith* the heirs of a

---

[3]*See Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911).

deceased worker sought workers compensation death benefits, and we allowed aggregation because the governing law provided only "*one right of recovery and one amount to be recovered,* even though that recovery must be divided according to the Texas laws of descent and distribution." *Id.* at 918 (emphasis in original). In *Eagle,* the court dealt with what was in substance a species of shareholder derivative action for a single injury to the corporation. However, in the present case, at least in theory, each plaintiff directly suffered a distinct injury that varied in degree; we do not read their complaint as a derivative suit for common damage to public resources. Rather, what binds their claims together is simply that their damages were caused by the same accident, a connection that cannot sustain aggregation. *Eagle Star Insurance Co., supra.*

If aggregation is not proper, Dow Chemical argues that the remand motion was nonetheless correctly denied because, under *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289, 58 S.Ct. at 590. Because in this case the complaint did not limit the plaintiffs to a particular dollar amount, and because it included allegations of "grave economic losses," personal injuries, and "catastrophic" loss of aquatic wildlife, Dow Chemical contends that the *St. Paul Mercury* test was met at the time of removal. Moreover, it argues, jurisdiction must be assessed solely at the time of removal; the plaintiffs cannot avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum. *See id.* at 292, 58 S.Ct. at 592.

Initially, it is important to note that in setting forth the test quoted above, the Supreme Court in *St. Paul Mercury* was describing the defendant's burden to obtain dismissal after the plaintiff has commenced a suit in federal court and claimed a specific amount of damages adequate to confer federal jurisdiction. In that situation, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," so the defendant bears the heavy burden of showing, to a legal certainty, that the claimed amount cannot be recovered. *Id.* at 288, 58 S.Ct. at 590 (footnote omitted). In the present case, by contrast, the plaintiffs have never represented that their individual

claims are worth more than $50,000.[4]

Whether the defendant's burden in contesting a remand motion is, as Dow Chemical argues, simply the inverse of his burden in obtaining dismissal, *i.e.,* to show that it does not appear to a legal certainty that the required amount in controversy is *not* present, is a question on which courts have disagreed[5] and for which there is no clear answer in this Circuit. We spoke to this question indirectly in our recent decision in *Kliebert v. Upjohn Co.,* 915 F.2d 142 (5th Cir.1990), *reh'g en banc granted,* 923 F.2d 47 (5th Cir.), *appeal dism'd per stipulation of settlement,* 947 F.2d 736 (5th Cir.1991). In *Kliebert* the panel stated that this construction of the "legal certainty" test placed too light of a burden on a defendant seeking removal where the plaintiff had specified damages less than the jurisdictional minimum, but state law did not preclude him from recovering a larger amount than he sought in his complaint. *Id.* at 146. However, *Kliebert* was vacated for rehearing *en banc* and then settled. Accordingly, it is not precedential. Moreover, the present case deals with a situation not presented by either *Kliebert* or *St. Paul Mercury:* the plaintiff's petition did not specify a dollar amount of damages. Thus, the rationale of the *Kliebert* panel—that "[t]he allegations of a plaintiff's petition stating the amount of damages he has suffered is [sic] entitled to greater deference," *id.*—has little bearing here. The district court cases in this Circuit dealing with the precise situation presented here have not been entirely consistent.[6]

---

[4]The statement in their petition that "[d]amages far exceed the minimum jurisdictional limits of this court" furnishes no basis for that inference. The minimum amount in controversy for Texas district courts, although not entirely clear following recent constitutional and statutory changes, *see Peek v. Equipment Service Co.,* 779 S.W.2d 802, 803 n. 4 (Tex.1989), is certainly no more than $500, *see* Tex.Gov't Code Ann. § 25.0003(c) (Vernon Supp.1992). Moreover, the claims of all plaintiffs are aggregated in determining whether this requirement is met. *Id.* § 24.009.

[5]*See Garza v. Bettcher Industries, Inc.,* 752 F.Supp. 753, 754-63 (E.D.Mich.1990) (discussing and criticizing the extension of the *St. Paul Mercury* "legal certainty" test to removal cases in which the plaintiff did not specify damages).

[6]*Compare Cedus v. Asplundh Tree Expert Co.,* 759 F.Supp. 319, 320-21 (W.D.La.1990) (denying a remand motion because the defendant had shown that it was not legally certain that the plaintiff would recover less that $50,000) *and Barton v. Allstate Insurance Co.,* 729 F.Supp. 56, 57 (W.D.Tex.1990) (same) *with Coleman v. Southern Norfolk,* 734 F.Supp. 719, 721 (E.D.La.1990) (granting a remand motion on the ground that the damage requests in similar suits arising from the same accident did not constitute the type of "affirmative showing" required of parties seeking removal).

In this case, the injuries alleged in the plaintiffs' complaint are not ones that are facially likely to be over the jurisdictional amount. The personal injuries are mentioned only cursorily and referred to as "skin rashes," and even a fairly sustained loss of income to a small-scale fisherman in Colombia seems unlikely to reach $50,000. However, we also cannot say that the claims are *necessarily* outside of the range that could confer federal jurisdiction. That being the case, the plaintiffs' attorney's affidavit stating that damages are less than $50,000 per plaintiff may be considered by the court in deciding whether remand is proper. Although Dow Chemical is correct that a plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached, *St. Paul Mercury,* 303 U.S. at 292, 58 S.Ct. at 592, in this case the affidavits clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal. At least one district court, also in a state that prohibits plaintiffs from specifying damages in their petitions, has considered a post-removal affidavit by the plaintiff for this purpose. *See Cole v. Great Atlantic & Pacific Tea Co.,* 728 F.Supp. 1305, 1308-09 (E.D.Ky.1990); *accord Robinson v. Quality Insurance Co.,* 633 F.Supp. 572, 577 (S.D.Ala.1986) (granting a remand motion based on the plaintiff's post-removal insertion of an *ad damnum* clause into a previously indeterminate complaint); *cf. Hall v. Travelers Insurance Co.,* 691 F.Supp. 1406, 1410 (N.D.Ga.1988) (holding that although the attorneys' fees sought in the plaintiff's complaint appeared to bring his claim over the jurisdictional minimum, his statement in a brief opposing removal denying that his request put $10,000 in controversy warranted remand); *Denette v. Life of Indiana Insurance Co.,* 693 F.Supp. 959, 961 (D.Colo.1988).[7]

To support federal jurisdiction over this case, Dow Chemical has offered only its notice of removal, which merely states, without any elaboration, that "the matter in controversy exceeds $50,000 exclusive of interest and costs." Although it has frequently been held that when faced with

---

[7]If defendants wish to avoid the procedure of removing a case and then having it remanded after the plaintiff comes forward with an affidavit specifying his damages, there are other avenues available for clarifying an indeterminate complaint. Texas law, for instance, expressly provides that upon special exception by the defendant, the plaintiff may be required to amend his complaint to specify the maximum amount claimed. *See* Tex.R.Civ.P. 47.

a complaint for unspecified damages a court may look to the removal notice or petition in deciding whether the requisite amount is in controversy,[8] Dow Chemical's allegation of jurisdiction in this case carries little weight. First, in light of its argument regarding aggregation, the allegation of jurisdiction is at best ambiguous; it is not clear that Dow Chemical was not merely asserting that the sum of all plaintiffs' claims exceeded $50,000. Second, Dow Chemical did not, and probably could not have, offered any facts to support its valuation of plaintiffs' claims. Removal petitions or other submissions by the defendant are more likely to be persuasive in cases where the crucial facts supporting jurisdiction are known to the defendant, especially suits for injunctive or declaratory relief. *See, e.g., Robinson,* 633 F.Supp. at 575; *Hale v. Billups of Gonzales, Inc.,* 610 F.Supp. 162, 164 (M.D.La.1985); *Family Motor Inn, Inc. v. L-K Enterprises Division Consolidated Foods Corp.,* 369 F.Supp. 766, 768-69 (E.D.Ky.1973). *But see Kennard v. Harris Corp.,* 728 F.Supp. 453, 454 (E.D.Mich.1989). The plaintiffs met Dow Chemical's statement in its removal notice with a sworn affidavit affirming that individual damages were less than $50,000. Nothing submitted by Dow even suggests the contrary. When specifically contested in a motion to remand, bare allegations by the removing party (much less statements in passing) have been held insufficient to invest a federal court with jurisdiction. *Rollwitz v. Burlington Northern Railroad,* 507 F.Supp. 582, 587 (D.Mont.1981); *Wright v. Continental Casualty Co.,* 456 F.Supp. 1075, 1077-78 (M.D.Fla.1978).[9]

Therefore, we conclude that the motion to remand should have been granted. Without purporting to resolve the question of the removing party's burden in all situations, we hold that at least where the following circumstances are present, that burden has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages

---

[8]*See, e.g., Kennard v. Harris Corp.,* 728 F.Supp. 453, 454 (E.D.Mich.1989); *Kilpatrick v. Martin K. Eby Construction Co.,* 708 F.Supp. 1241, 1424 (N.D.Ala.1989); *Smith v. Executive Fund Life Insurance Co.,* 651 F.Supp. 269, 270 (M.D.La.1986); *Rollwitz v. Burlington Northern Railroad,* 507 F.Supp. 582, 585 (D.Mont.1981); *McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809, 813 (E.D.Okla.1978); *Wright v. Continental Casualty Co.,* 456 F.Supp. 1075, 1077-78 (M.D.Fla.1978).

[9]We do not mean to suggest that there may not be cases in which the court's "independent evaluation of jurisdiction," *Robinson,* 633 F.Supp. at 575, reveals that jurisdiction exists, even though the defendant can make only a conclusory assertion of jurisdiction, and that assertion is contested in a motion to remand.

sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

II. Dismissal of Dow Quimica for Lack of Personal Jurisdiction

The defendants request that even if we conclude that they were not entitled to removal, we nevertheless affirm the district court's dismissal of Dow Quimica for lack of personal jurisdiction. Although such a disposition is conceptually troubling in that it sustains an order by the district court in a case over which the court did not have subject matter jurisdiction, prior decisions in this Circuit, based on considerations of fairness to the defendant challenging jurisdiction, permit such an outcome. In *Walker v. Savell,* 335 F.2d 536 (5th Cir.1964), we upheld the trial court's authority to dispose of a motion to quash service of process before hearing a pending remand motion. *Id.* at 538-39; *accord Nolan v. Boeing Co.,* 736 F.Supp. 120, 122 (E.D.La.1990). *See also Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1066 (5th Cir.1992) (citing *Walker* and *Nolan* ).

In determining whether such a disposition would be proper here, we observe that this case presents an instance in which the competing concern—federal intrusion into state courts' authority—is minimized. First, the defendants' removal was not frivolous. Although we concluded that a remand was warranted, at the time the defendants removed the case there was arguable merit to their request. Thus, they did not contrive to have Dow Quimica's dismissal motion heard by a plainly inappropriate tribunal. Second, the question of personal jurisdiction here is basically a constitutional one, not a matter of construing Texas law. *See Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991) (Texas long-arm statute reaches as far as the federal constitutional requirements of due process will allow). Because the ultimate arbiter of this question of personal jurisdiction would be the United States Supreme Court, not the Texas Supreme Court, it is less intrusive for a federal court to decide the issue. For these reasons, we will consider the question of Dow Quimica's amenability to suit in Texas.

The original complaint in this case stated that the court had *in personam* jurisdiction over

Dow Quimica, but did not allege any facts to support this conclusion. And, as previously noted, the plaintiffs' remand motion merely alleged two "likely contacts" of Dow Quimica with Texas: (1) it was probable that Dow Quimica purchased some of the spilled chemicals from Dow Chemical's Texas plant, and (2) according to files from the Colombian Ministry of Health, Dow Quimica's licensing application for the spilled chemicals relied upon at least five technical documents produced in Texas. The motion stated that verification of the first contact, and identification of others, would have to await discovery in the suit. Finally, at the hearing before the district court on the remand motion and the motions to dismiss, the plaintiffs offered a third contact: a blueprint bearing the label "Dow Chemical U.S.A." and showing the plant's valves, apparently including the valve from which the chemical escaped.

The plaintiffs argue to this Court that because their remand motion was in response to Dow Chemical's removal based on fraudulent joinder, the burden rested with Dow Chemical, and this Court should find for the plaintiffs if it finds "any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.1990), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1991). Thus, the plaintiffs argue, their mere identification of potential jurisdictional contacts suffices at this stage.

We disagree. Dow Quimica filed a motion with the district court seeking dismissal for lack of personal jurisdiction,[10] and our foregoing discussion indicates that this motion can be considered prior to, and independently of, ultimate resolution of the merits of the motion to remand. Therefore, the burden, albeit a slight one, rests with the plaintiffs: though they need not prove the jurisdictional contacts by a preponderance of the evidence, they must present facts sufficient to constitute a *prima facie* case of personal jurisdiction. *Bullion v. Gillespie,* 895 F.2d 213, 216-17 (5th Cir.1990); *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989). The speculative contentions in their remand

---

[10]The motion was supported by affidavit of Dow Quimica's president stating, *inter alia,* that Dow Quimica is a Colombian corporation, is not authorized to do business in Texas, has no agent there for service of process, maintains no facilities, records, or bank accounts in Texas, has no employees based there, does not recruit employees there, has not entered into any contracts wholly or partly performable in Texas, does not sell or distribute products in Texas, and has not committed a tort in Texas. There was nothing before the district court to rebut any of this.

motion are not adequate, and the blueprint presented at the hearing, though it may suggest some type of connection to the United States, does not particularly suggest a connection to Texas. Moreover, the plaintiffs' contention that they were entitled to further discovery is unavailing; the case was removed two months before dismissal, and the record reflects that a deferral was requested only of plenary discovery—not of discovery into threshold jurisdictional issues. We hold that the district court properly dismissed Dow Quimica for want of *in personam* jurisdiction.

## Conclusion

For the foregoing reasons, we reverse and vacate the district court's judgment as to Dow Chemical with directions to remand to the 165th Judicial District Court of Harris County, Texas.[11] We affirm the district court's dismissal of Dow Quimica for lack of *in personam* jurisdiction.

AFFIRMED IN PART; REVERSED AND VACATED IN PART.

---

[11]Given our disposition of the case, the defendants' request that we impose sanctions on the plaintiffs for filing and prosecuting a frivolous appeal is obviously denied.