Jan H. FAIRCHILD and William M. Fairchild, Individually and as Husband and Wife

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

Civ. A. No. 95–189–B–1.

United States District Court, M.D. Louisiana.

Nov. 30, 1995.

John W. Degravelles, Baton Rouge, LA, and Frank W. Hanvey, Anzalone, Parker, Cooper & Hanvey, Monroe, LA, for plaintiffs.

Daniel Joseph Balhoff and Glen Scott Love, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, LA, for defendant.

## RULING ON THE PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the plaintiffs' motion to reconsider the Court's earlier decision denying the plaintiffs' motion to remand. For the reasons that follow, the plaintiffs' motion is denied.

## PROCEDURAL HISTORY AND BACKGROUND

The plaintiffs, Jan H. Fairchild and William M. Fairchild,[1] filed this personal injury suit against the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), based upon an uninsured/underinsured motorist claim arising out of an automobile accident alleged to have occurred on or about September 8, 1993. On February 8, 1995, the action was timely removed to this Court from the Twenty-first Judicial District Court, Parish of Livingston, Louisiana. The plaintiffs filed a motion to remand, which was denied by this Court on March 31, 1995.[2] The plaintiffs have now filed a motion for reconsideration of their motion to remand.

The plaintiffs contend that their motion to remand should be granted for two reasons: (1) the Court cannot exercise diversity jurisdiction because the amount of Jan Fairchild's suit does not exceed the amount in controversy threshold established by 28 U.S.C. § 1332; and, (2) even if the jurisdictional amount is satisfied by Jan Fairchild's claim, the Court's jurisdiction under section 1332 is destroyed because William Fairchild's claim admittedly does not exceed $50,000.

The defendant argues that removal to this Court is proper because Jan Fairchild's claim exceeds $50,000, and the Court has supplemental jurisdiction over William Fairchild's claim pursuant to 28 U.S.C. § 1367.

## AMOUNT IN CONTROVERSY

In *De Aguilar v. Boeing Co.* (*"De Aguilar I"*),[3] the Fifth Circuit held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages," the defendant's burden of proof on removal should be judged under a preponderance of the evidence rather than "legal certainty" standard.[4] Thus, in the present case, since the plaintiffs' complaint did not specify an amount of damages (and, in fact, could not under Louisiana law[5]), State Farm need only show by a preponderance of the evidence that the amount in controversy exceeds $50,000. Upon such a showing, removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount.[6]

Considering the plaintiffs' state court petition and settlement letter, the Court is satisfied that the defendant has met its burden of proof. The petition alleges "severe injuries" to Jan Fairchild, and her attorney evaluated her claim in the settlement letter, dated just 1½ months prior to the filing of the state court petition and two months prior to the removal of this case to federal court, as follows:

| | | |
|---|---|---|
| 1. | Mental anguish of potential injuries to unborn child | $ 10,000.00 |
| 2. | Cervical strain, lumbar strain, strain/sprain of ankle | $ 15,000.00 |
| 3. | Aggravation of pre-existing injury (ruptured disc in low back) | $ 15,000.00 |
| 4. | Injury to left knee | $ 35,000.00 |
| 5. | Mental anguish because unable to have x-rays made to determine injuries sustained in accident | $ 5,000.00 |
| 6. | Future medical expenses | $ 10,000.00 |
| 7. | Past and Future loss of earnings | $ 20,000.00 |
| | TOTAL | $110,000.00 |

---

1. On June 22, 1995, the plaintiffs amended their petition for damages to include a claim on behalf of their minor child, Kathleen Delacey Fairchild.

2. *See Fairchild v. State Farm*, No. 95–189 (M.D.La. March 31, 1995).

3. 11 F.3d 55 (5th Cir.1993).

4. *De Aguilar I*, 11 F.3d at 58 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992)); *Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 763 (E.D.Mich.1990).

5. *See* La.Code Civ.Proc.Ann. art. 893(A)(1) (West Supp.1995). Although the plaintiffs point out the defendant's failure to take advantage of Article 893's discovery procedure for ascertaining whether the amount in dispute exceeded $50,000, the plaintiffs likewise failed to include a general allegation that their claim was for less than the requisite amount necessary for federal court jurisdiction as provided by that same article.

6. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).

Despite the plaintiffs' arguments to the contrary, the settlement letter is valuable evidence to indicate the amount in controversy at the time of removal.[7] In addition, the Court is empowered to consider "general," as well as "special" damages, when determining the amount at issue.[8] Clearly, at the time of removal, the amount in controversy exceeded $50,000 on the Jan Fairchild claim.

The plaintiffs also contend that the factual setting of this litigation falls within the framework set forth by the Fifth Circuit in *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia ("ANPAC") v. Dow Quimica de Colombia S.A.*[9] In that opinion, the court stated:

> Without purporting to resolve the question of the removing party's burden in all situations, we hold that at least where the following circumstances are present, that burden has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.[10]

However, contrary to the plaintiffs' argument, the Court's review of the record reveals that this case is clearly distinguishable from the Fifth Circuit's "narrow" holding in *ANPAC*.[11] Although the plaintiffs' petition did not specify an amount of damages, unlike the situation in *ANPAC*, the injuries alleged herein are those which are facially likely to exceed the jurisdictional amount. *ANPAC* involved damage claims for "skin rashes" and the lost income of small-scale Columbian fishermen. In contrast, it is facially apparent that Jan Fairchild's action (including claims for mental anguish for potential injuries to her unborn child, severe injuries and her past and future loss of earnings as a dentist) did seek damages which exceeded $50,000 at the time of removal. In addition, State Farm did more than just make a conclusory statement in its notice of removal; rather, the defendant submitted the plaintiffs' settlement letter in opposition to the remand motion and thereby challenged the plaintiffs' stipulation that they would not accept more than $50,000. For these reasons, the *ANPAC* decision is inapposite and not controlling under the facts of this case.

■ Although the plaintiffs filed a stipulation pursuant to this Court's order that stated that the jurisdictional amount of their action did not exceed $50,000, the stipulation is not dispositive on the motion to remove in light of the Fifth Circuit's decision in *De Aguilar v. Boeing Co. ("De Aguilar II")*[12]. In *De Aguilar II*, the court reiterated the holding of *St. Paul Mercury Indem. Co. v. Red Cab Co.*[13] by noting that binding stipulations filed after removal are generally irrelevant in the plaintiffs' attempt to prevent removal.[14] Such stipulations are relevant in the Fifth Circuit, however, when filed in con-

---

**7.** *See Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994).

**8.** *See Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir.1993) (considered "general" damages in determining whether the amount in controversy requirement has been met).

**9.** 988 F.2d 559 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).

**10.** *ANPAC*, 988 F.2d at 566.

**11.** *See Marcel*, 5 F.3d at 84–85 (describing *ANPAC* as "narrowly drawn" and "unusual"). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th

Cir.1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir.1993).

**12.** 47 F.3d 1404 (5th Cir.1995).

**13.** 303 U.S. 283, 292–93, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) (post-removal events cannot deprive a court of jurisdiction once it has attached).

**14.** *De Aguilar II*, 47 F.3d at 1421 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). The Supreme Court in *St. Paul Mercury* held that a stipulation or affidavit filed by the plaintiff after removal in an attempt to *reduce (or change)* the amount of damages claimed below the requisite jurisdictional

junction with the plaintiff's initial complaint [15] or under the limited circumstances enunciated in *ANPAC*.[16] Neither scenario is present in this case.

Despite the plaintiffs argument that Jan Fairchild's claim does not exceed $50,000, the Court concludes that State Farm has fulfilled its burden of proof and that the requisite amount in controversy under 28 U.S.C. § 1332 is present on this claim.

## SUPPLEMENTAL JURISDICTION

■ The plaintiffs also argue that even if the Court finds that Jan Fairchild's claim exceeds the jurisdictional limit (which the Court did above), remand is proper under the well-established rule announced in *Zahn v. International Paper Co.*[17] because William Fairchild's claim clearly does not satisfy this threshold amount. In *In re Abbott Laboratories*,[18] the Fifth Circuit held that the Judicial Improvements Act of 1990, specifically 28 U.S.C. § 1367 which deals with supplemental jurisdiction, overrules *Zahn*. The *In re Abbott Labs.* court concluded:

> We are persuaded that under § 1367 a district court can exercise supplemental jurisdiction over members of a class, although they did not meet the amount-in-controversy requirement, as did the class representatives.[19]

Although the present litigation does not involve a class action, this Court determines that the *In re Abbott Labs.* holding applies in non-class action cases as well. Therefore, the Court may properly exercise supplemental jurisdiction over William Fairchild's claim pursuant to 28 U.S.C. § 1367 although his claim does not exceed $50,000.[20]

amount does not deprive the federal district court of jurisdiction once it has attached.

**15.** *See De Aguilar II*, 47 F.3d at 1412.

**16.** In *ANPAC*, the Fifth Circuit reasoned that the plaintiffs' affidavits, although filed after removal, were relevant to its determination of whether remand was proper because the affidavits helped *clarify* a petition that had left the jurisdictional amount ambiguous (in contrast to reducing or changing the amount of damages claimed after removal as prohibited by the holding of *St. Paul Mercury*). *See ANPAC*, 988 F.2d 559, 565 (5th Cir.1993).

Therefore:

**IT IS ORDERED** that the plaintiffs' motion to remand be and it is hereby **DENIED**.

**17.** 414 U.S. 291, 301, 94 S.Ct. 505, 511–12, 38 L.Ed.2d 511 (1973).

**18.** 51 F.3d 524, 525 (5th Cir.), *reh'g en Banc denied*, 65 F.3d 33 (5th Cir.1995).

**19.** *In re Abbott Labs.*, 51 F.3d at 529.

**20.** Although *Zahn* specifically involved a diversity-based class action suit, its holding was generally read broadly to include all multiple party actions. Likewise, the Court chooses to apply the Fifth Circuit's holding in *In re Abbott Labs.* to include non-class action contexts. *See also Booty v. Shoney's, Inc.*, 872 F.Supp. 1524 (E.D.La. 1995).