Lloyd VAUGHN, III and Nia Vaughn

v.

Peter TODD, et al.

No. CIV. A. 98–3115.

United States District Court,
E.D. Louisiana.

Oct. 21, 1999.

Eric M. Ferrouillet, Kevin Joseph Katner, Ferrouillet Law Firm, P.L.C., New Orleans, LA, for Plaintiffs.

Wayne Robert Maldonado, Matthew J. Ungarino, Ungarino & Eckert, LLC, Metairie, LA, for Defendants.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is the motion of plaintiffs, Lloyd and Nia Vaughn, to remand the above captioned matter to the Civil District Court for the Parish of Orleans. For the following reasons, plaintiffs' motion is GRANTED.

## I. BACKGROUND

On October 2, 1998, plaintiffs, Lloyd and Nia Vaughn, filed suit against Peter Todd, Jacobson Transportation, Inc., and Nobel Insurance Company in the Civil District Court for the Parish of Orleans. Plaintiffs sought damages resulting from an automobile accident which occurred on October 5, 1997. Subsequently, on October 22, 1998, Nobel Insurance Company removed this claim pursuant to 28 U.S.C. § 1332.

On September 17, 1999, plaintiffs filed a motion to remand this case to the Civil District Court for the Parish of Orleans. Plaintiffs claim that this Court lacks jurisdiction because the matter in controversy does not exceed the sum or value of $75,-000 as required by 28 U.S.C. § 1332(a). To substantiate their claims, plaintiffs have filed with this Court affidavits admitting that their claims do not meet the jurisdictional requirement. Additionally, plaintiffs claim that for this Court to retain jurisdiction over this matter, defendants must prove by a preponderance of the evidence that the matter in controversy is greater than $75,000.

## II. ANALYSIS

A defendant may remove any civil action filed in a State court to the appropriate district court of the United States if that district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A district court has original jurisdiction over any civil action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. A district court shall remand a case if it becomes apparent that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The central issue of the case before this Court is whether the matter in controversy exceeds $75,000. When a complaint does not allege a specific amount

of damages, the removing party must prove by a preponderance of the evidence that the claims exceed the necessary jurisdictional amount. *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). A court can determine that removal was proper if it is "facially apparent" that the claims more likely than not exceed the jurisdictional requirement. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). If the jurisdictional amount is not apparent on the face of the complaint, the removing attorney may set forth facts in controversy which support a finding that the claims exceed $75,000. *See id.* at 1335. The jurisdictional facts must be judged as of the time of the removal, and any post-petition affidavits are only allowable if relevant to that time. *See id.* Removal cannot be based solely on conclusory allegations. *See id.*

The Fifth Circuit has recognized that a plaintiff's stipulations or affidavits can be considered by a court in determining whether remand is proper. *See Asociacion Nacional de Pescadores A Pequena Escala O Artesanales de Colombia (ANPAC), et al. v. Dow Quimica de Colombia S.A., et al.,* 988 F.2d 559, 565 (5th Cir. 1993). Stipulations and affidavits can be used to clarify an ambiguous petition, but not to change a damage request. *See id.* at 565. In this context, the court still examines the jurisdictional facts from the time of removal even though it is using information received after the removal. *See id.*

The Fifth Circuit has held that a defendant has not met the burden of proof necessary to defeat a remand motion when at least the following circumstances are present:

(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [ $75,000 ];

(2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims; and (3) the

plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*See id.* at 566.

In the case at hand, since plaintiffs' complaint does not allege any specific amount of damages, defendant must prove by a preponderance of the evidence that the claims exceed $75,000. *St. Paul Reinsurance Co.,* 134 F.3d at 1253. Defendant's burden will be met if this Court determines by examining the plaintiffs' complaint that the claims are more likely than not in excess of $75,000. *Allen,* 63 F.3d at 1336. In their complaint, plaintiffs do not specify any particular injuries which they suffered as a result of the accident. They simply allege "severe and disabling injuries which include but are not limited to neck, upper and lower back, shoulders, head, and body as a whole." Pls.' Compl. Their itemization of claims includes permanent disability, medical expenses, and lost wages. While the plaintiffs' list is extensive, there is no evidence as to the nature or extent of any of the claims. The petition does not state exactly what disabilities are alleged, what wages were lost or are expected to be lost, or what medical expenses were incurred. Thus, the Court finds that it is not facially apparent that plaintiffs' claims are more likely than not to exceed $75,000.

▇ Because the complaint fails the "facially apparent" test, the Court must consider the facts provided by the defendant in support of the removal. In its notice of removal, defendant merely points to the fact that plaintiffs have claimed severe and disabling injuries, permanent disability, as well as ten other general and special damage claims. Additionally, in its opposition to the motion to remand, defendant again points to the general allegations of the plaintiffs as evidence of claims greater than $75,000. The defendant fails to specify any concrete evidence which supports its belief that the plaintiffs' claims exceed

$75,000. The only support the defendant has offered is unsubstantiated assertions. Because defendant has relied only on conclusory statements, it has not met its burden of proving by a preponderance of the evidence that this matter in controversy exceeds the requisite amount of $75,000.

This Court now turns to the issue of whether the plaintiffs' affidavits can be considered in determining whether the case should be remanded. The circumstances here are very similar to those in *ANPAC* where the court considered a stipulation filed after removal. *See* 988 F.2d at 565. In their affidavits, plaintiffs admit that their damages are not worth more than $75,000. These admittances help to clarify the original complaint because they are offered by the plaintiffs who have firsthand knowledge about the injuries which they sustained as a result of the accident. The affidavits do not contain any statements which would indicate that the plaintiffs are changing their damage claims. In addition, defendants have not rebutted any of the statements made in the affidavits. While they have opposed them, defendants have not set forth any viable evidence which would suggest that plaintiffs' statements are inaccurate. This Court finds that the affidavits filed by plaintiffs clarify the ambiguous petition originally filed by plaintiffs.

Plaintiffs further stipulate that they will not pursue any amount awarded to them over $75,000. Pls.' Aff. The stipulations, in this instance, strengthen the credibility of the plaintiffs' admittances and offer additional support for the statements made in the affidavits. The plaintiffs' stipulations strengthen this Court's view that the affidavits are reliable and accurate statements regarding the claims made by plaintiffs in their original petition.

This Court finds remand appropriate for this case. First, the complaint does not specify any amount of damages, and the petition fails the "facially apparent" test. Second, the defendants only offer conclusory statements in their notice of removal not based on direct knowledge about plaintiffs' claims. Third, plaintiffs offer a timely, unrebutted affidavit indicating that the requisite amount was not present.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand the case is GRANTED and this case is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for further proceedings.