# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————————

m 98-50615
Summary Calendar

————————————

PEDRO DIAZ BARREIRO,

Plaintiff-Appellant,

VERSUS

MODEL POWER INTERNATIONAL CORPORATION, etc., et al.,

Defendants,

MODEL POWER INTERNATIONAL CORPORATION,
a division of ATI Model Products, Inc;
and MDK, INC.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Western District of Texas
(DR-97-CV-84-01)

————————————————

February 9, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Following a period of discovery, the district court, without addressing subject matter jurisdiction, dismissed for want of personal jurisdiction. We affirm.

I.

Pedro Barreiro sued Model Power International Corporation ("Model Power"), M.D.K., Inc. ("MDK"), and SKI Industrial Company ("SKI") in state court for breach of contract and conversion. Model Power and MDK removed the action to federal court on the basis of diversity of citizenship: Barreiro is domiciled in Mexico, Model Power is incorporated in New York, MDK is incorporated in North Carolina, and SKI is incorporated in Hong Kong. Because the presence of an alien plaintiff and an alien defendant destroys the "complete diversity" required by 28 U.S.C. § 1332, removal was proper only if, as Model Power and MDK claimed, SKI was fraudulently joined. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, ___ n.2, 119 S. Ct. 1563, 1567 n.2 (1999). Therefore, Barreiro filed a motion for remand; Model Power and MDK filed motions to dismiss for lack of personal jurisdiction.

After several months of discovery, Barreiro had failed to produce any evidence supporting a *prima facie* case of personal jurisdiction over Model Power or MDK, so the court dismissed those defendants for lack of personal jurisdiction, leaving SKI as the only remaining defendant. As an alien corporation, SKI had to be served process pursuant to the Hague Convention protocols, but this had not yet been accomplished. Because the only plaintiff and only defendant were aliens, the court remanded for want of subject-matter jurisdiction. Barreiro claims the court erred both in limiting jurisdictional discovery and in deciding personal jurisdiction before resolving subject-matter jurisdiction.

II.

Federal courts have discretion to avoid a difficult question of subject matter jurisdiction when the absence of personal jurisdiction is the surer ground, and we review the decision to do so for abuse of discretion. *See Ruhrgas*, 526 U.S. at ___, 119 S. Ct. at 1572.

> [I]n cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy. Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.
>
> A State's dignitary interest bears consideration when a district court exercises discretion in a case of this order. If personal jurisdiction raises difficult questions of state law, and subject-matter jurisdiction is resolved as easily as personal jurisdiction, a district court will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand. In other cases, however, the district court may find that concerns of judicial economy and restraint are overriding. *See, e.g.*, *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 566-567 (C.A.5 1993) (if removal is nonfrivolous and personal jurisdiction turns on federal constitutional issues, "federal intrusion into state courts' authority . . . is minimized."). The federal design allows leeway for sensitive judgments of this sort.

*Id.* at 1566, 1571 (internal citation and quotation marks omitted).

Barreiro incorrectly asserts that the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

question of diversity in deciding subject matter jurisdiction can never involve difficult legal questions and must always be resolved before personal jurisdiction. Even where personal jurisdiction raises difficult questions of state law, and subject matter jurisdiction is resolved as easily as personal jurisdiction, a district court need not always rule on the motion to remand firstSSthe *Ruhrgas* Court noted that, in such circumstances, the court *ordinarily* will do so, but concerns of judicial economy and restraint may override that ordinary chronology. *See id.* at 1571. This case is one in which the court may properly defer resolution of subject matter jurisdiction.

After months of discovery, Barreiro had not produced evidence that Model Power or MDK was subject to personal jurisdiction under the Texas long-arm statute.[1] In contrast, Model Power and MDK produced significant evidence that such jurisdiction was lacking. The court reviewed this evidence, concluding not only that neither Model Power nor MDK had the requisite minimum contacts with the forum state, but that even if such contacts had been established, it would not have been fair and reasonable to exert jurisdiction. *See Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1146 (5th Cir. 1985).

In contrast to this straightforward analysis, the court, to determine subject matter jurisdiction, would have had to consider the claim that the alien party SKI was fraudulently joined, when SKI had not yet been served and therefore was not even before the court. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815-16 (5th Cir. 1993) (discussing the test for fraudulent joinder). Resolving personal jurisdiction first was not an abuse of discretion.

## III.

Barreiro claims he was prevented from

demonstrating personal jurisdiction because of the limitation placed on jurisdictional discovery. "[J]urisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Patterson*, 764 F.2d at 1148 (internal quotation marks omitted).

The court gave Barreiro several months to conduct jurisdictional discovery, but he came up with no evidence supporting personal jurisdiction, while defendants produced significant evidence refuting it. The court did not abuse its discretion in limiting jurisdictional discovery to a reasonable period of time.

AFFIRMED.

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (1997). The statute authorizes personal jurisdiction to the extent allowed by the Due Process Clause. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985).